Chavannes v Consolidated Bus Tr., Inc. (2024 NY Slip Op 05563)

Chavannes v Consolidated Bus Tr., Inc.

2024 NY Slip Op 05563

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-05606
 (Index No. 504308/21)

[*1]Jocelyn Chavannes, respondent,
v
Consolidated Bus Transit, Inc., appellant.

Silverman Shin & Byrne PLLC, New York, NY (Elana Ben-Dov of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for retaliation in violation of Labor Law § 215, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 30, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging retaliation in violation of Labor Law § 215.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging retaliation in violation of Labor Law § 215 is granted.
The plaintiff was employed by the defendant as a school bus driver starting in November 2017. In December 2019, the plaintiff was instructed to undergo a drug test as part of random testing. The plaintiff did not do so, and his employment was terminated shortly thereafter.
In July 2021, the plaintiff commenced this action asserting six causes of action. In the complaint, the plaintiff alleged, inter alia, that he was falsely accused of failing a drug test and that his employment was wrongfully terminated.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff opposed the motion in part but also withdrew four of the six causes of action in the complaint, conceding that he did not have a cause of action sounding in a violation of the Wage Theft Protection Act. The causes of action that remained were the first cause of action, alleging retaliation in violation of Labor Law § 215, and the third cause of action, alleging that the defendant falsely accused him of failing a drug test. In an order dated June 30, 2022, the Supreme Court granted that branch of the defendant's motion which was to dismiss the third cause of action and denied that branch of the defendant's motion which was to dismiss the first cause of action. The defendant appeals from so much of the order as denied that branch of its motion which was to dismiss the first cause of action.
Labor Law § 215(1)(a), among other things, prohibits an employer from discharging any employee for complaining that the employer has violated a provision of the Labor Law or an order of the Commissioner of Labor. While that provision states that "[a]n employee complaint . . . need not make explicit reference to any section [of the Labor Law] to trigger the protections of this [*2]section" (id.), here, the plaintiff failed to identify any protected activity under the Labor Law or its regulations that served as the basis for retaliation (see Reyes v Seaqua Delicatessen, Inc., ____ AD3d ____ [decided herewith]; Zhang v Centene Mgt. Co., LLC, 2023 WL 2969309, *13, 2023 US Dist LEXIS 68718, *24-25 [ED NY, No. 21 CV 5313 (DG) (CLP)]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging retaliation in violation of Labor Law § 215.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court